IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ALI ALI BEY                                                                  PLAINTIFF

v.                          No. 4:24-cv-183-DPM

RICHARD SZABAD;  BRYANT
POLICE DEPARTMENT;  and
TRE DAVIS, Patrol Person                                         DEFENDANTS

ORDER

Bey has amended his complaint. *Doc. 4.* The Court must screen it, 28 U.S.C. § 1915(e)(2), to determine whether the amended complaint cures the pleading problems that the Court identified in his original complaint. *Doc. 3.*

In March 2023, Bey was retrieving scrap metal from the Szabad Brothers' dumpster when Richard Szabad blocked his car in the parking lot and accused him of stealing. *Doc. 4.* Szabad called the police. Bryant Police Officer Tre Davis issued Bey citations for theft of scrap metal and criminal trespass. The charges were later dropped. Bey alleges Officer Davis shouldn't have issued them because Bey immediately put the scrap metal back in the dumpster. Bey says he has been humiliated and seeks damages for false imprisonment and malicious prosecution.

Some of Bey's claims fail and will be dismissed without prejudice:

- The Bryant Police Department is not an entity that can be sued under § 1983. *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992).

- Bey's § 1983 claims against Szabad fail because Szabad is a private citizen. And Bey hasn't alleged any facts to suggest that Szabad's actions were "fairly attributable to the state." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1010 (8th Cir. 1993).

- Bey's official-capacity claims against Officer Davis fail because he hasn't argued that Officer Davis was acting under a city policy, practice, or custom. *Brewington v. Keener*, 902 F.3d 796, 800-01 (8th Cir. 2018).

- No individual-capacity false imprisonment claim lies against Officer Davis because, as Bey says, the officer made Szabad move his vehicle so Bey could leave. *Limited Stores, Inc. v. Wilson-Robinson*, 317 Ark. 80, 83, 876 S.W.2d 248, 250 (1994).

Two of Bey's claims go forward. Clarification is needed before the Court can say whether or not Bey has a solid malicious prosecution claim against Szabad and Officer Davis or a solid false imprisonment claim against Szabad. The circumstances about the dumpster (for example, where it was located) and the blocking-in (where this occurred) are murky. *Thompson v. Clark*, 596 U.S. 36, 42–46 (2022); *Wilson-Robinson*, 317 Ark. at 83-84, 876 S.W.2d at 250-51; *Hollingsworth v. First National Bank & Trust Co.*, 311 Ark. 637, 640-41, 846 S.W.2d 176,

178-79 (1993). Adversarial briefing after service of process will clarify the record and the applicable law.

One other point bears mention. Bey says he is a Moorish American. *Doc. 4 at 1*. That claimed status has no effect whatsoever on this Court's power to address his claims or exercise jurisdiction over him. *Boyle v. Missouri*, 2013 WL 5651394, at *1 (E.D. Mo. 15 October 2013) (collecting cases); *see also Bey v. State*, 847 F.3d 559, 560-61 (7th Cir. 2017).

The Court directs the Clerk to issue summonses for Szabad and Officer Davis and deliver them, along with a copy of the complaint, amended complaint, and this Order, to the United States Marshal for service. The Marshal must serve these papers on Szabad by restricted delivery, return receipt requested at the address provided in the complaint. The Marshal must serve Officer Davis by restricted delivery, return receipt requested at the Bryant Police Department. Bey does not have to prepay the fees and costs or security.

So Ordered.

*/s/ W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 May 2024